IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 6, 2020 Session



## MINI SYSTEMS INC. v. MARVIN ALEXANDER ET AL.

**Appeal from the Chancery Court for Weakley County**
No. 23150    Tony Childress, Chancellor
————————————————————

**No. W2019-01871-COA-R3-CV**
————————————————————

This case arises from a breach of contract dispute involving the construction of two storage buildings. Among other issues is whether Appellee's actions were "unfair or deceptive" pursuant to the Tennessee Consumer Protection Act. The trial court ultimately found that there was a breach of contract, but that Appellee's actions were not deceptive and dismissed the Tennessee Consumer Protection Act claim. Appellant now appeals the trial court's dismissal of his claim under the Tennessee Consumer Protection Act. For the reasons stated herein, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Keely Wilson, Russell E. Reviere and Dale Conder, Jr., Jackson, Tennessee, for the appellant, Marvin Alexander.

Charles H. Barnett, III and Nicholas B. Latimer, Jackson, Tennessee, for the appellee, Mini Systems, Inc.

### OPINION

#### I. BACKGROUND AND PROCEDURAL HISTORY

Mini Systems, Inc. ("Appellee") and Marvin Alexander ("Appellant")[1] entered into a contract in which Appellee was to construct two storage buildings for Appellant. Specifically, Appellee was to dig the foundations for the buildings, pour the concrete pads,

---

[1] Although the notice of appeal was filed by Marvin Alexander, individually, and as trustee for the Marvin E. Alexander Trust, a brief was filed only by Marvin Alexander, individually.

and erect the metal buildings.  In return, Appellant agreed to pay Appellee $174,614.00.

After construction began, a dispute arose concerning the quality of the work performed by Appellee.  This dispute escalated into a lawsuit filed by Appellee against Appellant for (i) breach of contract; (ii) sworn account; and (iii) enforcement of a mechanic's lien and materialmen's lien.  Appellant responded to the complaint and counterclaimed, alleging (i) material breach of contract, as well as of express and implied warranties; (ii) misrepresentation and fraud; and (iii) violation of the Tennessee Consumer Protection Act.  Specifically, Appellant argued that Appellee breached the contract by negligently constructing the concrete pads for the storage buildings based on the fact that the construction plans called for the concrete pads to be poured in two pours rather than the monolithic (single) pour performed by Appellee.

The trial court ultimately dismissed all of Appellant's claims except for the breach of contract claim based on the fact that the construction plans called for a multiple pour of the concrete slabs rather than a monolithic pour.  However, while the trial court held that Appellee's act of performing a monolithic pour was a material breach of the contract, it was "not intended to be deceptive or fraudulent," but rather was a misinterpretation of the engineer's design.  This determination by the trial court resulted in a dismissal of Appellant's Tennessee Consumer Protection Act claim, which Appellant now appeals. For the reasons set out below, we affirm the decision of the trial court.

## II. ISSUES PRESENTED

The Appellant presents two issues on appeal for our review:

1. Whether the trial court erred in determining that Appellee did not violate the Tennessee Consumer Protection Act.
2. Whether the Appellant is entitled to attorney's fees incurred for this appeal.

## III. STANDARD OF REVIEW

This Court reviews a bench trial *de novo* upon the record with a "presumption of correctness as to the findings of fact, unless the preponderance of the evidence is otherwise." *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citing Tenn. R. App. P. 13(d)).  We review questions of law *de novo* with no presumption of correctness. *Id.* (citation omitted).

## IV. DISCUSSION

*Whether the Trial Court Erred in Finding that Appellee's Actions Were Not Deceptive or Fraudulent*

In its Findings of Fact and Conclusions of Law, the trial court found that in pouring the concrete slabs, Appellee had failed to adhere to the construction plans and had performed a monolithic pour of the concrete rather than a multiple pour (two pours) as required by the plans, failed to make required saw cuts to the concrete, and used foam material rather than rubber as required by the plans. However, the trial court found that Appellee's actions did not constitute an unfair or deceptive practice under the Tennessee Consumer Protection Act ("TCPA"). Although Appellant now argues that the trial court erred in failing to additionally find that a violation of the TCPA occurred, we find no occasion to disturb the trial court's judgment.

The TCPA was enacted "[t]o protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." Tenn. Code Ann. § 47-18-102(2). Tennessee Code Annotated section 47-18-104(b) provides a lengthy list detailing deceptive or unfair acts that may be actionable under the TCPA. In order to be successful under the TCPA, there must be a showing of "some deception, misrepresentation or unfairness, regardless of any breach of contract." *Hall v. Hamblen*, M2002-00562-COA-R3-CV, 2004 WL 1838180, at \*4 (Tenn. Ct. App. Aug. 16, 2004) (citing *Hamer v. Harris*, No. M2002-00220-COA-R3-CV, 2002 WL 31469213, at \*1 (Tenn. Ct. App. Nov. 6, 2002)). "A breach of contract is not per se a deception, misrepresentation or unfairness for purposes of the TCPA." *Carbon Processing and Reclamation, LLC v. Valero Mktg. and Supply Co.*, 694 F. Supp.2d 888, 913 (W.D. Tenn. 2010) (internal citations omitted).

At the outset, we note that Appellant's efforts to allege a TCPA violation in this case have been lacking since the issue was initially pled in his counterclaim. There, Appellant merely alleged facts and made a general claim that "[d]efendants' practices toward Plaintiffs constitute unfair or deceptive practices, and therefore are violations of the Tennessee Consumer Protection Act[.]" No specific subsection or violation of the TCPA on which Appellant was relying was pled. Similarly, neither the lack of specificity in Appellant's main brief nor contentions asserted at oral argument helped to clarify the issue. As in his counterclaim, Appellant argued generally rather than specifically in his main brief that Appellee's actions constituted an unfair and deceptive act, but again failed to point to any specific subsection of section 47-18-104(b) on which he was relying. Instead, Appellant merely recited facts from the record and concluded, without further citation or argument, that the mere existence of these facts necessitated a finding by this Court of an unfair or deceptive act on the part of Appellee. Appellant never articulated the specific provision of the TCPA that was violated. Not until Appellant's reply brief was there any indication that he was purportedly proceeding under section 47-18-104(b)(7) of the TCPA. For the first time in his reply brief on appeal, Appellant contended that Appellee's actions came under the purview of this provision "because it represented that its construction of the buildings, including the concrete pads, were of a particular style or quality when the construction was of another." Tenn. Code Ann. § 47-18-104(b)(7).

It is well-settled law in Tennessee that "it is not the office of a reply brief to raise issues on appeal." *Regions Financial Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009) (quoting *Gentry v. Gentry*, No. E2000-02174-COA-R3-CV, 2001 WL 839714, at *4 n.3 (Tenn. Ct. App. July 2, 2001)). "A reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues." *Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) (citing Tenn. R. App. P. 27(c)). Because Appellant did not adequately articulate in his initial brief as to how the TCPA was violated, he has invited a potential finding of waiver on the issue. *See Castle v. State, Dep't of Corr.*, E2005-00874-COA-R3-CV, 2005 WL 2372762, at *4 (Tenn. Ct. App. Sept. 27, 2005) ("We will not consider an issue raised for the first time in a reply brief as an issue that has been raised properly on appeal.").

Based upon Appellant's assertions in his main brief, this Court cannot ascertain the specificities of his argument as to why the evidence presented in the record preponderates against the trial court's Findings of Fact and Conclusions of Law. It is not the job of this Court to construct the parties' arguments. *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (citing *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015)). Rather, it is the responsibility of Appellant to present this Court with a brief in compliance with the appellate rules of procedure, including in his main brief the issues he intends to argue and constructing an argument in support of those issues. Appellant failed to comply with this responsibility.

Although Appellant's reply brief sought to clarify the issue, Appellant further confounded our review and understanding of his position when the matter was discussed at oral argument. Upon questioning by a member of the judicial panel about the basis of Appellant's TCPA claim, it was initially stated that Appellant was proceeding under the so-called "catch-all" provision of the TCPA, section 47-18-104(b)(27). However, it was subsequently argued that Appellant was proceeding under section 47-18-104(b)(7). It was then argued by Appellant that contentious email exchanges between the parties, including threats made by Appellee to file a lawsuit as well as the filing of a mechanic's lien, was conduct that went to the "absolute essence" of what the TCPA is designed to protect against. However, we reject Appellant's contentions made at oral argument for two reasons. First, Appellant again attempted to raise issues that were not previously raised or briefed prior to oral argument. Nowhere in Appellant's main brief was the TCPA's catch-all provision addressed nor any of the allegations regarding threats. Again, these were raised for the first time at oral argument. As this Court has previously made clear, "[i]ssues initially raised at oral argument are not properly presented for review in accordance with this court's rules." *Christie v. Christie*, No. M2012-02622-COA-R3-CV, 2014 WL 4293966, at *6 (Tenn. Ct. App. Apr. 25, 2014). Second, it is clear that any allegations concerning threats of a lawsuit or the filing of a mechanic's lien do not concern the representation of a good or service as required by section 47-18-104(b)(7). As best we can perceive it given the statements offered by Appellant at oral argument, these specific allegations of threats and misconduct were proffered to support a claim under the TCPA's

catch-all provision, codified at section 47-18-104(b)(27). This catch-all provision provides a cause of action when a party is "[e]ngaging in any other act or practice which is deceptive to the consumer or to any other person[.]" However, enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter. Tenn. Code Ann. § 47-18-104(b)(27). Therefore, we reject any attempt by Appellant to proceed individually under the TCPA's catch-all provision.

Because we find that Appellant's initial brief was insufficient and unclear as to what provision of the TCPA he was proceeding under, we deem that Appellant has arguably waived any such claim.

Even if the issue was not waived and we were to ignore the previously enumerated deficiencies, we would still find the claim to be without merit. Section 47-18-104(b)(7) provides that "[r]epresenting that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another" is considered to be an unfair or deceptive practice. Tenn. Code Ann. § 47-18-104(b)(7). Here, Appellant appears to argue that the concrete pour is the good or service being misrepresented and would have us find that the mere act of performing the wrong concrete pour is unfair and deceptive because it is a misrepresentation of the good or service agreed upon under the contract. However, if this were true, it would transform every breach of contract action into a TCPA claim. Such is not the case. "Although every breach of contract is arguably 'unfair' in the colloquial sense, . . . the TCPA envisions something more than the simple incompetent performance of contractual duties." *Poole v. Union Planters Bank, N.A.*, 337 S.W.3d 771, 786 (Tenn. Ct. App. 2010). A breach of contract action and a violation of the TCPA are separate causes of action, and "proof of the existence of one does not necessarily establish the existence of the other." *Hall*, 2004 WL 1838180, at *4. In order to come under the purview of section 47-18-104(b)(7), there must be some form of misrepresentation of a good or service. In the present case, the trial court found that the construction plans had been misinterpreted rather than misrepresented. We agree with the trial court's finding. Appellant's brief fails to point to any specific misrepresentations made by Appellee and we discern none in this record. It is not enough that Appellee erroneously performed the wrong concrete pour required under the contract. Again, as noted by the trial court, this resulted from a misinterpretation of the construction plans rather than an unfair or deceptive act on part of the Appellee. Without more, this Court cannot agree that Appellee's act of pouring a monolithic concrete pour rather than a multi-pour constitutes an unfair or deceptive act under the TCPA.

Appellant also relies on this Court's decision in *Holladay v. Speed*, 208 S.W.3d 408 (Tenn. Ct. App. 2006), to support a finding that Appellee violated the TCPA. In that case, a homeowner brought an action against a contractor, alleging breach of express warranty, implied warranty of good workmanship, misrepresentation, and a violation of the TCPA arising from damages to a home caused by alleged defects in an external insulation and finish system. *Holladay*, 208 S.W.3d at 410. The homeowner argued that the contractor's

actions violated section 47-18-104(b)(7). *Id*. at 416. This Court ultimately found that the contractor's actions amounted to an unfair or deceptive act. *Id*. at 418. Specifically, the Court noted that the contractor's actions amounted to a misrepresentation, which it found to be an intentional deceptive act under the TCPA. *Id*.

Appellant argues that this Court's decision in *Holladay* requires a similar result here. However, *Holladay* may be distinguished from the present facts. In the present case, the trial court found that it was a "misinterpretation of the engineer's design that caused the single pour to occur" rather than a misrepresentation that amounted to a deceptive act on part of Appellee. As we noted previously, Appellant would have us find that by signing the contract and then breaching that contract that Appellee committed an unfair and deceptive act. This would effectively transform every breach of contract into a TCPA violation even though, as noted earlier, it is well established under the law that this is not the case. Because we conclude there is no misrepresentation in the present case, we do not find *Holladay* dispositive.

Therefore, we do not find that the record preponderates against the trial court's finding that Appellee's actions did not constitute an unfair or deceptive act under the TCPA.

*Whether Appellant is Entitled to Attorney's Fees*

Appellant is also requesting attorney's fees incurred for bringing this appeal pursuant to *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 407 (Tenn. 2006), which permits recovery of attorney's fees and costs on appeal for claims proceeding under the TCPA. Because we do not find in Appellant's favor as to his asserted TCPA violations, we decline to award him attorney's fees on appeal.

## V. CONCLUSION

Based on the foregoing, we affirm the trial court's decision in dismissing Appellant's claims under the TCPA.

_____
ARNOLD B. GOLDIN, JUDGE