IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 2, 2022

## STATE OF TENNESSEE EX REL. CARLA D. GIFFORD v. DANIEL S. GREENBERG

**Appeal from the Circuit Court for Williamson County**
**Nos. 2021-108, 002254686     Joseph A. Woodruff, Judge**

———————————————————

### No. M2021-00510-COA-R3-CV

———————————————————

Daniel Greenberg appeals the order of the Circuit Court for Williamson County (the "trial court"), enrolling a California judgment under which Mr. Greenberg is obligated to pay child support to his ex-wife. Because his brief is not in compliance with Tennessee Rule of Appellate Procedure 27, Father's issues are waived and his appeal must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S. and W. NEAL MCBRAYER, J., joined.

Daniel Greenberg, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Amber L. Barker, Assistant Attorney General for the appellee, the State of Tennessee.

### MEMORANDUM OPINION[1]

This appeal arises from a child support dispute that originated in California. The original child support order was entered July 18, 2018, by the Superior Court of California in Orange County. The order provides that Daniel Greenberg ("Father") shall pay Carla Gifford ("Mother") $1,344.00 per month, plus an arrearage payment of $250.00 per month.

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The State of Tennessee (the "State"), on behalf of Mother, filed a notice of enrollment of foreign judgment in the trial court on March 16, 2021, to which Father objected. A hearing was held, and the trial court entered an order on April 27, 2021, concluding that the California judgment was entitled to full faith and credit in Tennessee. From this order, Father appeals.

Father is proceeding in this appeal, as he did in the trial court, pro se. Nonetheless, Father "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

We cannot proceed with the present appeal because Father has failed to comply with the procedural rules applicable to this Court. The Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain:

> (1) A table of contents, with references to the pages in the brief;

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

> (4) A statement of the issues presented for review;

> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Father's brief does not contain a statement of the issues presented for review, and, as best we can discern, Father has failed to raise any cognizable issues in the body of the brief. Appellate review generally extends only to those issues presented for review, *see* Tenn. R. App. P. 13, and this omission is not a mere technical violation of Rule 27. *See Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("The requirement of a statement of the issues raised on appeal is no mere technicality."). Indeed, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." *Id.*; *see also Cartwright v. Jackson Cap. Partners, LP*, 478 S.W.3d 596, 614 (Tenn. Ct. App. 2015) (internal quotations and bracketing omitted) ("The Rules of Appellate Procedure do not contemplate that an appellant may submit one blanket issue as to the correctness of the judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment.").

Here, rather than bringing specific errors of the trial court to light, Father attempts to state an original cause of action against the trial court judge and others, explaining in his "statement of the case":

> The Appellant Daniel Greenberg brings this action for damages against Judge Woodruff and District Attorney Jennifer Cole for violations of the Constitution and the Federal Racketeering and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq[.], violation

of Due Process of Law by Superior Court, Orange County and violation of the Constitutional Rights of the Appellant[.]

Father concludes his brief by seeking "an action against Judge Woodruff" as well as damages in the amount of $10,000,000.00. At several points in the brief, Father does allege that his Constitutional rights, including the right to Due Process, his rights under the Fifth and Eighth Amendments, and his rights pursuant to the *Brady* doctrine have been violated. Even if these assertions could be construed as properly raised issues, however, Father develops no legal argument as to how those rights were actually violated. Our inability "to discern whether [Father] ha[s] supported [his] issues with proper argument is not without significance in light of the directive in Rule 27(a)(7)(A) that the 'contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief,' be set forth adequately in the argument." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (quoting Tenn. R. App. P. 27(a)(7)). While Father clearly takes issue with the enrollment of the California judgment, he simply has not articulated any specific error for review. *See id.* ("It must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver.").

While Father's failure to present issues and a properly supported argument is the primary deficiency in his brief, other omissions are not insignificant. For instance, Father's brief does not contain citations to the appellate record. *See O'Shields v. City of Memphis*, 545 S.W.3d 436, 443 (Tenn. Ct. App. 2017) (issues waived due to failure to cite to the appellate record). Father's brief also lacks a table of authorities with references to the pages of the brief where such authorities are cited. *See* Tenn. R. App. P. 27(a)(2); *see also Murray v. Miracle*, 457 S.W.3d 399, 403 (Tenn. Ct. App. 2014) (appeal dismissed when appellant failed to raise issues for review, table of authorities was not compliant with Tenn. R. App. P. 27(a)(2), and "the purported argument section of [the] brief contain[ed] no references whatsoever to the record and no citations to authorities").

Consequently, Father has substantially failed to comply with Tenn. R. App. P. 27. This failure is so substantial that, notwithstanding his pro se status, it cannot be overlooked; although we "are mindful of [Father's] pro se status[,]" we cannot write the brief for him or "create arguments or issues where none are otherwise set forth." *Murray*, 457 S.W.3d at 402. Any issues Father has attempted to raise are therefore waived, and his appeal must be dismissed.

Based on the foregoing, the appeal of Daniel Greenberg is hereby dismissed. Costs of this appeal are taxed to the appellant, Mr. Greenberg.

_____
KRISTI M. DAVIS, JUDGE