IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 4, 2024

## CHRISTINE CHRISTOPHER v. WALMART ASSOCIATES, INC.

**Appeal from the Circuit Court for Hamilton County**
**No. 22C646          Kyle E. Hedrick, Judge**

_____

**No. E2023-01078-COA-R3-CV**

_____

A plaintiff sued a grocery store for premises liability, and the case was tried by a jury in June of 2023. The jury found the defendant store liable but awarded the plaintiff no damages. The plaintiff then appealed to this Court. However, because the plaintiff has failed to substantially comply with the Tennessee Rules of Appellate Procedure regarding briefing, any issues purportedly raised by the plaintiff are waived, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Christine Christopher, Chattanooga, Tennessee, Pro Se appellant.

G. Andrew Rowlett and Maria de Quesada, Nashville, Tennessee, for the appellee, Walmart Associates, Inc.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## BACKGROUND

This appeal arises from a premises liability claim that Christine Christopher ("Plaintiff") initially brought against Walmart Associates, Inc. ("Walmart") in the General Sessions Court for Hamilton County on January 21, 2022. Plaintiff alleged that on or about February 23, 2020, she sustained injuries while retrieving a shopping cart at one of Walmart's stores. Plaintiff claimed that a Walmart employee pushed carts into Plaintiff and that she suffered injuries to most of her body. Plaintiff sought $25,000 in compensatory damages. Plaintiff later appealed the case to the Circuit Court for Hamilton County (the "trial court"), where it eventually proceeded to a jury trial on June 6, 2023. The trial court entered a final judgment on June 6, 2023, which reflects that the jury found Walmart liable for Plaintiff's injuries but awarded her $0 in damages. After the trial court denied Plaintiff's motion for new trial, she appealed to this Court.

## DISCUSSION

Before turning to the substance of this appeal, we must determine whether Plaintiff has complied with the applicable rules for briefing. Plaintiff proceeds in this appeal, as she did in the trial court, pro se. Nonetheless, Plaintiff "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)). The Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain:

> (1) A table of contents, with references to the pages in the brief;

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Here, several deficiencies are found in Plaintiff's brief. For example, Plaintiff's "Statement of the Issues" provides as follows:

> I do not bel[ie]ve [Walmart] showed a clear depiction of the videos. The videos was not played in it entirety not focused properly to dark. Therefore not giving the court proper evaluation of the [f]acts.

Accordingly, Plaintiff has not stated any error purportedly made by the trial court warranting reversal. Moreover, Plaintiff does not make any cognizable arguments in the body of the brief. The "Argument" section, which per Rule 27 must contain record citations as well as citations to supporting legal authority, provides only as follows:

> Walmart denied the accident that happen inside Walmart on February 23, 2020. At 490 Greenway View Drive Chattanooga Tennessee 37411. 1.

Denied I got knock[ed] over 2. Denied I got injured 3. Denied this were their Walmart If this is not Walmart they need to take down the sign that has Walmart on it.

The foregoing argument can only be described as skeletal, as it presents no error on the part of the trial court and is not supported by any legal authority. This omission "is not without significance in light of the directive in Rule 27(a)(7)(A) that the 'contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief,' be set forth adequately in the argument." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (quoting Tenn. R. App. P. 27(a)(7)). While Plaintiff clearly takes issue with Walmart's actions in the lower court, she simply has not articulated any specific error for review. *See id.* ("It must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver.").

While Plaintiff's failure to present issues and a properly supported argument is the primary deficiency in the brief, other omissions are not insignificant. For instance, Plaintiff's brief contains no citations to the appellate record. *See O'Shields v. City of Memphis*, 545 S.W.3d 436, 443 (Tenn. Ct. App. 2017) (issues waived due to failure to cite to the appellate record); *see also Murray v. Miracle*, 457 S.W.3d 399, 403 (Tenn. Ct. App. 2014) (appeal dismissed when appellant failed to raise issues for review, table of authorities was not compliant with Tenn. R. App. P. 27(a)(2), and "[t]he purported argument section of [the] brief contain[ed] no references whatsoever to the record and no citations to authorities"). Additionally, Plaintiff's "Statement of the Case" does not set forth "the nature of the case, the course of proceedings, and its disposition in the court below[.]" Tenn. R. App. P. 27(a)(5).

Consequently, Plaintiff has failed to substantially comply with Tennessee Rule of Appellate Procedure 27. This failure is so substantial that, notwithstanding her pro se status, it cannot be overlooked. Although we "are not unmindful of [Plaintiff's] pro se status[,]" we cannot write the brief for her or "create arguments or issues where none otherwise are set forth." *Murray*, 457 S.W.3d at 402. Any issues Plaintiff has attempted to raise are therefore waived, and her appeal must be dismissed.

## CONCLUSION

Based on the foregoing, the appeal of Christine Christopher is hereby dismissed. Costs of this appeal are taxed to the appellant, Christine Christopher, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE