IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2026

IN RE DAHLIA S.[1]

**Appeal from the Juvenile Court for Madison County**
**No. 63-56-809        Christy R. Little, Judge**

_____

**No. W2025-01293-COA-R3-JV**

_____

A father filed several documents in the Juvenile Court for Madison County (the "trial court") seeking, *inter alia*, parenting time with his minor child.  The trial court dismissed the father's petition, and the father filed a timely appeal to this Court.  Because the father's brief fails to comply with the Tennessee Rules of Appellate Procedure addressing briefing, father waives any issues purportedly raised.  This appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER, J., and W. MARK WARD, SP.J., joined.

Davarious S., Jackson, Tennessee, pro se appellant.

Keren S., Jackson, Tennessee, pro se appellee.

**OPINION**

**MEMORANDUM OPINION[2]**

_____

[1] This Court has a policy of abbreviating the last names of children and other parties in matters involving minors to protect their privacy and identities.

[2] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

BACKGROUND

This appeal stems from a parenting dispute between Davarious S. ("Father") and Keren S. ("Mother") over the parties' minor child, Dahlia S. (the "Child"). On June 25, 2025, Father filed a document in the trial court labeled "Petition," which provides as follows:

> The child is currently in the custody of the mother, Keren [S.] The father has concerns for the well-being of the child, and he desires to spend time with the child and be a part of her life. The child has been with the father much of the time until the last six months. He is asking this Court for Joint Custody.

Father also listed the parties' addresses. Attached to Father's petition is another document labeled "Notice of Special Appearance Affidavit," which states, in part, that

> [p]ursuant to UCC 1-308 I am the executor, and the beneficiary of the estate referred to as Davarious [S.] This appearance is made solely for the purpose of obtaining 50/50 joint custody and objecting to procedural issues.

> Statement of Special Appearance: I do not consent to joinder and I am here to settle and close this matter.

> This special appearance is made to preserve all rights and defenses of Davarious [S.] and does not constitute a general appearance or submission to the jurisdiction of this Court.

Accordingly, although Father filed a petition in the trial court, he also appears to have challenged the trial court's jurisdiction. What follows in the record is a long list of court cases, as well as pictures and text messages between the parties regarding the Child. The text messages show that Mother is verbally abusive and frequently threatens Father. In one such text message, Mother told Father "I'm going to kill you. I'm going to put a bullet right between your eyes."

Although the record does not contain a transcript, an order entered by the trial court provides that it held a hearing on Father's petition on August 5, 2025. That order, which the trial court entered on August 14, 2025, also provides that both parents appeared at the hearing and that "[a]fter the Court's consideration and discussion, the Father's 'Petition for Joint Custody' was denied and dismissed." This appeal followed.

ISSUES

Father raises two issues for review:

1. Whether the trial court violated Father's due process rights by denying his special appearance affidavit and refusing to determine jurisdiction prior to entering orders affecting his rights.

2. Whether the trial court erred by failing to recognize and honor Father's rescission affidavit filed after the denial of due process, where the record demonstrates coercion and lack of voluntary assent.

## DISCUSSION

While this appeal arises from a custody dispute, Father's brief presents a threshold problem. Specifically, the brief does not comply with the Tennessee Rules of Appellate Procedure. Consequently, any issues purportedly raised by Father are waived.

Father proceeds in this Court, as he did in the trial court, pro se. Nonetheless, he "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Notwithstanding his pro se status, Father must comply with the procedural rules applicable to this Court. The Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain, *inter alia*:

> (7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, **with citations to the authorities and appropriate references to the record** (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(7) (emphasis added). Pursuant to Rule 27(a)(7)(A), "[i]t must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)). "[C]ompliance with the Rule has not been achieved" when this Court "cannot ascertain that an issue is supported by adequate argument[.]" *Id*.

In the "argument" portion of his brief, Father does not cite to the technical record or explain a specific error made by the trial court. Rather, Father states that the trial court erred by "denying [his] duly filed Special Appearance Affidavit and by refusing to grant a hearing on the jurisdictional issue prior to issuing substantive orders in this matter[,]" and by "refus[ing] to hear [Father's] Special Appearance Affidavit and its denial of due process . . ."

Respectfully, the foregoing does not amount to a cogent argument assigning error to the trial court.[3] Appellate review generally extends only to those issues presented for review, *see* Tenn. R. App. P. 13, and Appellant's omissions present a significant violation of Rule 27. Under similar circumstances, we have deemed issues waived. *See, e.g.*, *Masserano v. Masserano*, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at *4–5 (Tenn. Ct. App. May 22, 2019) (husband waived issues on appeal by failing to cite supporting legal authorities); *Heflin*, 571 S.W.3d at 734 (waiving several arguments on appeal due to "failure to comply with provisions of the rules of appellate practice, namely the Tennessee Rules of Appellate Procedure"); *O'Shields v. City of Memphis*, 545 S.W.3d 436, 443 (Tenn. Ct. App. 2017) (issues waived for, among other things, failure to cite to the appellate record). Indeed, we often reiterate that "'[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.'" *Little v. City of Chattanooga*, 650 S.W.3d 326, 353 (Tenn. Ct. App. 2022), *perm. app. denied* (Tenn. June 14, 2022) (quoting *Sneed v. Bd. of Prof'l Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010)).

Because Father's argument contains no citations to the record and is severely underdeveloped, it can only be characterized as "skeletal." *Little*, 650 S.W.3d at 353; *see also Heflin*, 571 S.W.3d at 734. We are left to speculate as to the precise error Father

---

[3] Father's "argument" is particularly confusing because he is the party who filed a petition in the trial court, thereby submitting to the court's jurisdiction. Yet, as best we can discern from his argument, Father attempts to take issue with the trial court not adjudicating its jurisdiction over Father. In any event, Father's jurisdictional argument contains no citations to the technical record and is therefore waived. Tenn. R. App. P. 27(a)(7)(A).

complains of, as well as how any purported error warrants relief in Father's favor pursuant to legal authority. Even assuming arguendo that Father is entitled to relief, it is unclear from his brief what error he assigns to the trial court and what relief he is seeking on remand. Consequently, "compliance with [Rule 27] has not been achieved." *Heflin*, 571 S.W.3d at 734. Father's failure is so substantial that it cannot be overlooked; although we are mindful of his pro se status, we cannot write the brief for him or "create arguments or issues where none otherwise are set forth." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). We also note that in the absence of a transcript or statement of the evidence, which is Father's duty to provide, we cannot discern what occurred in the lower court. Any issues Father attempts to raise are therefore waived.[4]

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. Costs on appeal are assessed to the appellant, Davarious S., for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE

---

[4] While we do not reach the merits of Father's appeal, this Court is disturbed by the communications between Mother and Father appearing in the record. The texts show multiple death threats toward Father as well as disturbing comments about the Child, such as referring to the Child as "bad af." We note that Father's lack of success in this appeal has no bearing on the merits of any underlying custody dispute.