IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2025 Session

## MARCELLE ANTONIO TATUM v. LESLIE D. TATUM (HENDERSON)

**Appeal from the Circuit Court for Hamilton County**
**No. 23-D-152        John B. Bennett, Judge**
_____

**No. E2024-00655-COA-R3-CV**
_____

This appeal arises out of a divorce action filed by the appellee/husband. Following a course of inaction by the appellant/wife, the trial court granted a final decree of divorce by default in favor of the husband. The wife filed multiple motions seeking to have the trial court alter or amend the final decree. The trial court ultimately granted in part, and denied in part, wife's post-judgment motions. The appellant appeals the ultimate judgment of the trial court. Having determined that the appellant's brief is not compliant with the relevant rules of briefing in this Court, we conclude that her issues purportedly raised on appeal are waived. The appeal is dismissed. Additionally, the appellee requests his attorney's fees incurred on appeal pursuant to Tenn. Code Ann. § 27-1-122. In the exercise of our discretion, we decline to find this appeal frivolous and further decline to award appellee his attorney's fees and costs incurred on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Leslie D. Tatum (Henderson), Chattanooga, Tennessee, pro se appellant.

Christina R. Mincy, Chattanooga, Tennessee, for the appellee, Marcelle Antonio Tatum.

# OPINION

## MEMORANDUM OPINION[1]

### BACKGROUND

Marcelle Tatum ("Husband") filed a complaint for divorce in the Hamilton County Circuit Court ("trial court") on January 11, 2023. Leslie D. Tatum (Henderson) ("Wife") filed an answer and purported counter-complaint on February 15, 2023. On September 26, 2023, the trial court entered an Order for Sanctions and Default Hearing finding that Wife had failed to respond to discovery requests propounded upon her by Husband, despite having been previously ordered by the trial court to respond.[2] The trial court granted Husband's motion for sanctions, dismissed Wife's counter-complaint, and set the matter to be heard on October 12, 2023.

On October 5, 2023, Wife filed a motion requesting that the trial court set aside the September 26 order and continue the hearing scheduled for October 12. In the motion, Wife concedes that her discovery responses are overdue but asserts that her counsel had not received a demand from Husband's counsel for the responses. Moreover, the motion alleges that neither Wife nor her counsel knew that Husband had filed a motion for sanctions and that they had not been informed that a hearing was scheduled for October 12. The following day, Husband responded in opposition to the motion, stating that Wife's counsel had been served with the original motion to compel by mail and email. He also states that the September 26 order was mailed to Wife's counsel, "and no mail was returned." On October 16, 2023, the trial court entered an order, which we quote in full:

> This cause came before the [trial court] for a hearing on [Wife]'s motion to set aside and to continue for a hearing on the motion pursuant to the local rules. [Husband]'s counsel, [Husband] and a witness for [Husband] appeared. [Wife] appeared. [Wife's] counsel failed to appear. The [trial

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The September 26, 2023 order states: "On August 21, 2023, [Wife] was ordered to provide her discovery response by September 4, 2[0]23." The appellate record does not contain the purported August 21, 2023 order or any other materials related to the discovery requests or Husband's motion for sanctions.

court] instructed on October 10, 2023,[3] that the motion to set aside will be heard at the normal time and failure of [Wife]'s counsel to follow the local rules will not excuse the [trial court] hearing the motion. Pursuant to the local rules and the [trial court]'s instruction, the motion is stricken. It is, hereby,

SO ORDERED.

On October 31, 2023, Wife filed an untitled handwritten document, which states:

> I Leslie Henderson Tatum should have my case heard again, because I didn't not [*sic*] get legal help when I was the one caught Mr. Tatum cheating and he was still in the home & had an apartment. So, I filling [*sic*] a motion to get a new attorney & I'm still in the home & he file Bankruptcy. I need another court date & hear my side. Thank you.

Leslie Tatum 10/31/23

I was not aware of none of the court dates.

Attached thereto were several additional handwritten pages, which appear to be an attempt by Wife to respond to Husband's discovery requests. That same day, the trial court entered a Final Decree by Default finding that the motion for default judgment and notice of final hearing were served upon Wife and awarding Husband a divorce based upon Wife's inappropriate marital conduct.

Two days later, on November 2, 2023, Wife's counsel filed a motion to withdraw. On November 13, 2023, Wife's new counsel entered his first appearance in the case when Wife filed a Motion for Relief from Judgmeent [*sic*] or in the Alternative to Amended [*sic*] the Final Decree by Default. Wife requested that the trial court set aside its September 26 order, October 16 order, and October 31 final decree, arguing once again that neither she nor her counsel had notice of the earlier proceedings. Wife also argued that the final decree was inequitable because: (1) it ordered her to pay Husband's attorney's fees without considering whether Husband was entitled to an award of alimony *in solido*; (2) it awarded the entirety of the equity in the marital home to Husband with no provision for Wife; (3) it did not dispose of Husband's retirement account; (4) Wife had uncovered medical expenses incurred during the pendency of the divorce due to Husband's failure to maintain health insurance for her; and (5) Husband – not Wife – was guilty of inappropriate marital conduct. Wife argued that these facts constitute mistake, inadvertence, excusable neglect, and/or "'other' reasons justifying relief from said judgements [*sic*]."

---

[3] It is unclear from the appellate record and the parties' briefs what occurred on October 10, 2023.

On November 14, 2023, the trial court denied Wife's handwritten October 31 filing, which it construed as "a motion to reconsider a motion to set aside," finding no good cause existed to grant Wife's requested relief. With respect to Wife's November 13 motion, the trial court entered an order on February 9, 2024, amending the final decree such that: (1) each party was responsible for their own attorney's fees; (2) issues regarding the equity in the marital home would be reserved until Wife obtains permission from the bankruptcy court[4] for the trial court to make a division of such equity; and (3) issues regarding the parties' retirement accounts were reserved until Wife filed an amended motion with attached documentation showing the values of the parties' respective retirement accounts. The trial court declined to amend the final decree to the extent it ordered Wife to pay her own medical bills and awarded Husband a divorce based upon Wife's inappropriate marital conduct.

On March 8, 2024, Wife filed an amended motion for relief. Wife again requested that the trial court set aside its September 26 order, October 16 order, and October 31 final decree, due to her purported lack of notice of the proceedings. Attached thereto were copies of an order dismissing Husband's bankruptcy case, a statement for Husband's retirement account, and a statement for Wife's retirement account. On April 10, 2024, the trial court entered a final order denying Wife's amended motion and ordering that Wife vacate the marital home within 30 days and that it be listed for sale with the proceeds from such sale divided pursuant to the final decree entered on October 31, 2023.[5]

## DISCUSSION

*a.*

As she did before the trial court, Wife proceeds pro se in this appeal. Nonetheless, she "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As this Court explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the

---

[4] The record reflects that at some time prior to the entry of the final decree, Husband filed a Chapter 13 bankruptcy petition in which he was the only named debtor.

[5] The final decree ordered that the net equity of any sale of the marital home would be divided evenly between the parties.

same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Here, we cannot consider the merits of Wife's appeal because she has failed to comply with the procedural rules applicable to this Court, and her issues are thus waived. Rule 27 of the Tennessee Rules of Appellate Procedure requires:

The brief of the appellant shall contain under appropriate headings and in the order here indicated:

     (1) A table of contents, with references to the pages in the brief;

     (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

     * * *

     (4) A statement of the issues presented for review;

     (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

     (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

     (7) An argument, which may be preceded by a summary of argument, setting forth:

     (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

     (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). "[R]eference in the briefs to the record shall be to the pages of the record involved." Tenn. R. App. P. 27(g). Failure to comply with Rule 27 can result in waiver of a litigant's issues. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citing *Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993)).

Wife's appellate brief has several deficiencies. Notably, it is difficult to discern what issues Wife intends to present for review. Her brief includes a section with the heading "ISSUES With My CASE" that spans three paragraphs and is more than a page in length. Issues presented on appeal "should be framed as specifically as the nature of the error will permit in order to avoid any potential risk of waiver." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citing *Fahey v. Eldridge*, 46 S.W.3d 138, 143–44 (Tenn. 2001); *State v. Williams*, 914 S.W.2d 940, 948 (Tenn. Crim. App. 1995)). *See Williams*, 914 S.W.2d at 948 ("Issues are persuasively worded legal conclusions. Each issue should apply a rule of law to relevant facts and relate the conclusion that the party wants the appellate court to reach. When an issue is properly drafted, the appellate court can use the issue as a holding sentence in its opinion. An issue should be stated in one, complete sentence."). Instead, Wife's purported statement of the issues is more akin to a statement of the case in that it sets forth the course of proceedings and its disposition in the trial court below. *See* Tenn. R. App. P. 27(a)(4)–(5).

Moreover, Wife's brief contains no table of authorities, and the argument section of her brief, which is significantly shorter than her purported statement of the issues, contains no citation to any authority and does not identify any applicable standard of review. *See* Tenn. R. Civ. P. 27(a)(2), (7). "[W]e cannot write [an appellant's] brief for them, and we are not able to create arguments or issues where none otherwise are set forth." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). "Likewise, we will not dig through the record in an attempt to discover arguments or issues that [an appellant] may have made had they been represented by counsel." *Id.* "To do so would place [appellees] in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as [the appellant's] attorney." *Id.*

"If we cannot ascertain that an issue is supported by adequate argument, compliance with [Rule 27] has not been achieved." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018). "It must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." *Id.* (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)). And in circumstances such as this one, where a party makes no argument or cites no authority in support of her issues, or "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. Of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). None of Wife's purported issues are supported by

adequate argument, and the failures in her briefing are so substantial that, notwithstanding her pro se status, they cannot be overlooked.  Any issues she has attempted to raise are therefore waived.  *See Bean*, 40 S.W.3d at 55.

*b.*

We next address Husband's issue regarding whether this appeal should be deemed frivolous such that Husband should be awarded his attorney's fees incurred on appeal.  "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'"  *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Indus. Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).  Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

In the exercise of our discretion, we decline to find this appeal frivolous and further decline to award Husband his attorney's fees and costs incurred on appeal.

**CONCLUSION**

For the foregoing reasons, the appeal is dismissed.  Costs of this appeal are taxed to the appellant, Leslie D. Tatum (Henderson), for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE